UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUNE MACON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-1481 CAS |
| | ) | |
| CEDARCROFT HEALTH SERVICES, INC., | ) | |
| d/b/a/ BIG BEND WOODS HEALTHCARE, | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se plaintiff June Macon's motions for appointment of counsel and financial affidavit. This is an action alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act, and other statutes. For the following reasons, the motions for appointment of counsel must be denied.

Three factors are generally considered relevant in evaluating a motion for appointment of counsel in a Title VII or ADA case: (1) the plaintiff's in forma pauperis status; (2) the plaintiff's good faith efforts to secure counsel; and (3) whether plaintiff has established a prima facie claim of discrimination in the pleadings. See Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004-05 (8th Cir. 1984). The Court then attempts to evaluate the plaintiff's capacity to present the case adequately without aid of counsel. See In re Lane, 801 F.2d at 1043.

Plaintiff Macon paid the filing fee and did not apply for in forma pauperis status at the time she filed this action. Plaintiff now asserts that she is in need of counsel because she does not fully

understand the law or the legal procedures that she needs to follow.  Plaintiff submits a financial affidavit in support of her motions for appointment of counsel.

The Court has reviewed plaintiff's financial affidavit and finds, based on the amount of plaintiff's income and her obligations, that she is not entitled to in forma pauperis status.  The Court lacks the discretion to consider appointment of counsel for a plaintiff who is not indigent.  See Slaughter, 731 F.2d at 590; Nelson, 728 F.2d at 1004-05.  Plaintiffs' motions for appointment of counsel must therefore be denied.

Plaintiff also asks for "additional time to explore other possible options if [her motion for appointment of counsel is] not approved without jeopardizing any already proposed deadlines."  Pl.'s Mot. for App't of Counsel at 1.  The Court will deny this request without prejudice as it too vague.  The Court will not stay this case for an undetermined period of time while plaintiff contemplates her options or takes unexplained action.  Under the Case Management Order (Doc. 20), the next scheduled deadlines are (1) referral of the case to Alternative Dispute Resolution ("ADR") on March 1, 2013, and (2) disclosure of the names and reports of plaintiff's expert witnesses on March 11, 2013.  Neither deadline is so imminent as to require a stay of this case.

Plaintiff is advised that pursuant to Local Rule 6.02(C), she may file a motion for appointment of counsel to represent her "for the limited purpose of providing legal advice and representation in preparation for and during the course of mediation . . . ."  L.R. Rule 6.02(C)(2).  Under the Rule, the court-appointed representation would end, and appointed counsel would have no further obligation to advise or otherwise appear on plaintiff's behalf, when the ADR process is concluded.  L.R. 6.02(C)(3).  Plaintiff may, if she wishes, file a motion for appointment of counsel

for the limited purpose of assisting her with ADR. Such a motion should be filed by February 15, 2013.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for appointment of counsel are **DENIED**. [Doc. 24]

                                                                                                              **CHARLES A. SHAW**
                                                                                             **UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of January, 2013.