UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUNE MACON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:12-CV-1481 CAS |
| v. | ) | |
| | ) | |
| CEDARCROFT HEALTH SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on a Motion for Judgment on the Pleadings under Rule 12(c)

of the Federal Rules of Civil Procedure, filed by defendant Cedarcroft Health Services, Inc., d/b/a

Big Bend Woods Healthcare ("defendant").  Pro se plaintiff June Macon ("plaintiff") opposes the

motion and it is fully briefed.[1]  For the following reasons, the motion will be granted in all respects.

**Background**

Plaintiff June Macon was employed as a Registered Charge Nurse at defendant's Big Bend

Woods Healthcare Center.  On July 20, 2012, plaintiff filed a Petition for Damages in the Circuit

Court of St. Louis County, Missouri, alleging that defendant violated the Missouri Human Rights

Act, Mo. Rev. Stat. §§ 213.010, <u>et seq.</u> (2000) ("MHRA"); Title VII of the Civil Rights Act of 1964,

42 U.S.C. §§ 2000e, <u>et seq.</u> ("Title VII"), and Title I of the Americans with Disabilities Act, 42

---

[1]On February 7, 2013, plaintiff filed a response in opposition (titled "Memorandum for Clerk") to the defendant's motion for judgment on the pleadings (Doc. 34).  On February 25, 2013, plaintiff filed another document titled "Memorandum for Clerk" (Doc. 42) in opposition to defendant's motion to compel.  In Document 42, plaintiff offered additional reasons why the motion for judgment on the pleadings should not be granted.  Although only one response to a motion is allowed, <u>see</u> E.D. Mo. Local Rule 4.01(B), the Court in this instance has also considered Document 42 as plaintiff's opposition to the motion for judgment on the pleadings.  In the future, plaintiff must comply with the Local Rule and limit herself to one response to any motion.

U.S.C. § 12112 ("ADA").  Plaintiff did not attach either the Equal Employment Opportunity Commission ("EEOC") or the Missouri Commission on Human Rights ("MCHR") Notice of Right to Sue to her Petition and did not make any allegation in her Petition that she received either Notice. Defendant removed the case to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, and moved to dismiss the Petition under Rule 12(b)(6), Fed. R. Civ. P.

In response to the motion to dismiss, plaintiff moved for leave to amend her Complaint.  The Court granted plaintiff's motion and accepted her amended complaint, which was titled "Amended Petition for Damages."  The amended complaint omitted any reference to the MHRA, but asserted claims under Title VII and the ADA and added claims under Sections 102 and 103 of the Civil Rights Act of 1991, the Family and Medical Leave Act, 29 U.S.C. §§ 2601, et seq. ("FMLA"), the Genetic Information Nondisclosure Act of 2008, 42 U.S.C. § 2000ff ("GINA"), and the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA").

The amended complaint did not include any allegations that plaintiff received either the EEOC or MCHR Notice, and neither Notice was attached to the amended complaint.  In an Order denying defendant's motion to dismiss as moot based on the filing of the amended complaint, the Court stated, "The amended complaint supersedes the original complaint and renders it without legal effect."  Order of Oct. 18, 2012 at 1 (Doc. 12).

On October 30, 2012, defendant answered the amended complaint and asserted various affirmative defenses including failure to state a claim upon which relief could be granted, failure to comply with statutory and regulatory requirements to bring the claims, failure to exhaust administrative remedies, and failure to file suit within the statute of limitations.  The Court on its own motion then ordered plaintiff to amend her complaint again, to properly name the defendant. Order of Dec. 13, 2012 at 1 (Doc. 21).  The Court explicitly cautioned plaintiff that "the new amended complaint will completely replace the existing Amended Complaint, and therefore she

must completely restate all of her claims and allegations in the new amended complaint." Id. at 1. On January 15, 2013, plaintiff timely moved for leave to file a second amended complaint.  On January 18, 2013, the Court granted plaintiff's motion and plaintiff's Second Amended Complaint was filed.  The Second Amended Complaint asserted claims under Title VII, the ADA, Sections 102 and 103 of the Civil Rights Act of 1991, the FMLA, GINA, and the EPA, but not the MHRA.  The Second Amended Complaint does not contain any allegations concerning plaintiff's receipt of Notices of Right to Sue from the EEOC or the MCHR, and does not attach either Notice as an exhibit.

Pursuant to the Case Management Order of December 12, 2012, all motions to amend the pleadings were required to be filed by January 15, 2013.  Defendant now moves for judgment on the pleadings on plaintiff's claims in the Second Amended Complaint under Title VII, Sections 102 and 103 of the Civil Rights Act of 1991, the ADA, GINA, and the EPA.

**Legal Standard**

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, a party may move for judgment on the pleadings.  A motion under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6).  Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010).  To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff need not provide specific facts in support of her allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  Schaaf

v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]."  Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2).  The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however.  Iqbal, 129 S. Ct. at 1949-50 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations.  Id. at 1950.  The plausibility of the plaintiff's claim is reviewed "as a whole, not the plausibility of each individual allegation."  Zoltek Corp. v. Structural Polymer Grp., 592 F.3d 893, 896 n.4 (8th Cir. 2010).

In addition, the Court must liberally construe a pro se complaint, which is "held to less stringent standards than formal pleadings drafted by lawyers."  Erickson, 551 U.S. at 94 (quoted case omitted).  Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced.  Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).  The Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded."  Id. (quoted case omitted).

4

In considering a Rule 12(c) motion, the Court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999); see also Faibisch v. University of Minnesota, 304 F.3d 797, 802-03 (8th Cir. 2002) (court may take judicial notice of EEOC charge of discrimination as a public record).

**Discussion**

    A.  Title VII, ADA and Sections 102 and 103 of the Civil Rights Act of 1991 Claims

Defendant moves for judgment on plaintiff's Title VII and ADA claims on the grounds that these claims are time barred because plaintiff did not file suit within ninety days of receiving notice of the EEOC's determination.  See 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C.§ 12117(a) (ADA).  Defendant submits copies of plaintiff's EEOC Notice of Right to Sue, dated February 15, 2012, and MCHR Notice of Right to Sue, dated April 23, 2012, as well as plaintiff's EEOC Charge of Discrimination.  The Court takes judicial notice of these documents as public records, without converting the instant motion to a motion for summary judgment.  See Faibisch, 304 F.3d at 802-03. Defendant states that plaintiff filed her original Petition in state court 155 days after the date of the EEOC Notice, and contends as a result that her Title VII and ADA claims are time barred.

Plaintiff responds that her Petition was timely filed in state court because it was filed within ninety days of her receipt of the Notice of Right to Sue from the Missouri Commission on Human Rights.  Plaintiff also responds that her Complaint states it is brought under "any other applicable law" and that "[o]ne of the 'applicable laws' that cover [her] claims is 42 USC 1981."  Pl.'s Response at 1 (Doc. 34).

Defendant replies that although plaintiff's state court Petition was timely filed under the MHRA as she filed it within ninety days of receiving the MCHR Notice of Right to Sue, plaintiff

abandoned her MHRA claims when she filed the amended complaints, despite the Court's warning that she must restate and include all of her claims in the amended pleadings.  Defendant asserts that the timely-filed state Petition does not provide refuge for plaintiff's untimely filed Title VII and ADA claims, because when an EEOC charge of discrimination is dismissed, the aggrieved person must file her lawsuit within ninety days after receiving notice of the EEOC's determination, citing 42 U.S.C. § 2000e-5(f)(1) (establishing ninety-day period for filing suit under Title VII ), 42 U.S.C. § 12117(a) (adopting Title VII's procedures and remedies for use in the ADA), and Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989).  Defendant also notes that the EEOC's Notice expressly states that:

> Your lawsuit under Title VII, the ADA or GINA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different).

(emphasis in original).  Defendant asserts that as a result, the Court must dismiss plaintiff's Title VII and ADA claims as untimely.

In addition, defendant urges the Court to reject plaintiff's request to construe the language "any other applicable law" in her Complaint to include a claim under 42 U.S.C. § 1981, on the grounds that (1) the time for amending the pleadings has passed, and (2) the phrase "any other applicable law" cannot even remotely be construed to have put defendant on notice that plaintiff was asserting a § 1981 claim, as the phrase "any other applicable law" does not comport with the pleading principles of Twombly/Iqbal, and therefore the argument that the Complaint states a claim on its face under § 1981 is without merit.

As an threshold matter, defendant is correct that as a general rule, any claim included in the original complaint is deemed waived or abandoned if it is not also included in a first amended

complaint.  See, e.g., Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012); Austin v. Ford Models, Inc., 149 F.3d 148, 155 (2d Cir. 1998), *abrogated on other grounds by* Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  This Court has recognized, however, that a pro se party may not fully understand the superseding effect of the second pleading.  See Witte v. Culton, 2012 WL 5258789, at *3 (E.D. Mo. Oct. 24, 2012) (allowing pro se plaintiff to amend complaint in order to re-allege claims deemed abandoned by filing of amended complaint).  The Court notes that plaintiff filed her first amended complaint, which omitted the MHRA claims, prior to receiving any caution from the Court that the amended complaint would completely replace and supersede her original Petition.  The Court will therefore grant plaintiff leave to file a Third Amended Complaint to re-allege her MHRA claims.[2]

The Court agrees with defendant that plaintiff's Title VII and ADA claims are time barred.  It is undisputed that plaintiff's state court Petition was filed well more than ninety days after she received the EEOC Notice of Right to Sue.  The plain language of Title VII and the ADA requires

---

[2]Plaintiff argues in her second Memorandum to Clerk (Doc. 42) that she "was instructed by the Court to properly restate all of [her] claims and allegations in the amended complaint" and that defendant's "motion . . . leads the court to believe that I changed something in my wording or that I somehow have lost my rights by obeying the Court.  My failure to comply with the Court could have caused a dismissal of my case."  Id.  Plaintiff's argument appears to misunderstand the basis of defendant's motion, and the record in this case.

Plaintiff's state-court Petition begins with the statement, "Race and disability discrimination in violation of the Missouri Human Rights Act, R.S. Mo. Section 213.010 et seq."  Petition at 1 (Doc. 6).  Plaintiff requested and was granted leave to amend her Petition after defendant filed its motion to dismiss.  The amended complaint (Doc. 13) contains no reference to the Missouri Human Rights Act.  As stated above, under the general rules of pleading, this omission would constitute abandonment or waiver of plaintiff's MHRA claim.  Plaintiff's Second Amended Complaint, filed at the Court's instruction to properly name the defendant, also contains no reference to the MHRA.  The Court's order directing plaintiff to amend her complaint to properly name the defendant had no effect on plaintiff's assertion of MHRA claims, as plaintiff had already omitted any reference to the MHRA from her amended complaint.

that suit be filed within ninety days of a plaintiff's EEOC Notice of Right to Sue.  See 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA).  This limitation period is not a jurisdictional prerequisite to federal suit and is subject to equitable tolling in appropriate circumstances.  Hill, 869 F.2d at 1124.  Courts have generally reserved the remedy of equitable tolling for circumstances that were beyond the control of the plaintiff.  Id. 1124. The Supreme Court has held that equitable tolling is justified where, among other things, the notice from the EEOC is inadequate, where a court has led the plaintiff to believe all statutory requirements for bringing a suit have been satisfied, or where the defendant's conduct lulls the plaintiff into inaction.  Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (per curiam) (citations omitted).

In this case, plaintiff has not presented the Court with any recognized justification to equitably toll the limitations period.  There is no provision in Title VII or the ADA for tolling the ninety-day period to file suit based on a plaintiff's subsequent receipt of a later-dated state human rights commission notice of right to sue.  In a case that was procedurally similar to the present one, this Court held that a complaint filed more than ninety days after the plaintiff received an EEOC Notice of Right to Sue was untimely as to federal Title VII and Age Discrimination in Employment Act claims, even though the complaint was filed within ninety days of the plaintiff's receipt of an MCHR Notice of Right to Sue.  The Court explained,

> There is no legal basis for establishing federal jurisdiction on a state statute of limitations where an applicable federal statute of limitations exists.  Neither Title VII nor the ADA provide for federal jurisdiction based upon a state "Right-to-Sue" letter. § 2000e–5(f)(1) explicitly states that the 90 days limitation period runs from receipt of the EEOC "Right-to-Sue" letter only, not from a letter received by the EEOC or any applicable state agency.

Muth v. Cobro Corp., 895 F. Supp. 254, 256 (E.D. Mo. 1995).  The same result is proper here.

8

A recent Eighth Circuit Court of Appeals opinion also supports the conclusion that plaintiff's Title VII and ADA claims are time barred.  In <u>Hohn v. BNSF Railway Co.</u>, 707 F.3d 995, 999 (8th Cir. 2013), the plaintiff filed a charge of discrimination and retaliation with the Nebraska Equal Opportunity Commission and received notice of the Commission's "no reasonable cause" decision on August 4, 2005.  The EEOC issued a right-to-sue letter on September 21, 2005.  <u>Id.</u>  The plaintiff filed suit in federal court on December 20, 2005, within ninety days of receiving the EEOC notice, but more than ninety days after he received the state Commission's notice.  <u>Id.</u>  The Eighth Circuit held that the plaintiff's state-law claim should have been dismissed as untimely, because the state Commission's "no reasonable cause" decision was its last action on his complaint, and he did not file suit within ninety days from the decision, as required by state law.  <u>Id.</u> at 1000-01.  The Eighth Circuit rejected the plaintiff's argument that the state law claim was timely and the statute of limitations should run from the date he received the EEOC's right to sue letter because the EEOC and the state Commission work together under a work-sharing agreement.  The Eighth Circuit stated that such an interpretation would contradict the plain language of the Nebraska statute requiring that suit be filed within ninety days of the last action on the state charge.  <u>Id.</u> at 1001.

Although the plaintiff in <u>Hohn</u> was attempting to use a timely federal filing to save an untimely state filing, and plaintiff Macon is attempting to do the opposite in this case, the same result is proper because the plain language of the federal statutes similarly requires that suit be filed within ninety days of receipt of the EEOC Notice of Right to Sue.  For these reasons, plaintiff's Title VII and ADA claims are time barred and will be dismissed.

Because plaintiff's Title VII and ADA claims will be dismissed, her allegations regarding sections 102 and 103 of the Civil Rights Act of 1991 must also be dismissed.  Sections 102 and 103 of the Civil Rights Act of 1991 do not provide discrimination plaintiffs with a separate cause of

action, but rather provide that an individual may seek compensatory and punitive damages and demand a jury trial for violations of Title VII and the ADA.  See 42 U.S.C. § 1981a.

In addition, the Court agrees with defendant that plaintiff's use of the catch-all phrase "any other applicable law" in her Complaint is wholly insufficient to state a claim under 42 U.S.C. § 1981, or to put defendant or the Court on notice that she was asserting a § 1981 claim, even when given the liberal construction afforded to a pro se complaint.  A complaint must provide notice to the defendant and the Court as to the claims the plaintiff is asserting, and the use of general language such as "any other applicable law" fails to provide such notice.  If the Court were to construe the Complaint's "any other applicable law" language as stating a § 1981 claim, this would be the substantial equivalent of allowing amendment of plaintiff's complaint by her opposition to the motion to dismiss, which is prohibited.  Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir.1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.  To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, . . . simply by raising a point in a brief.") (internal citations omitted).

The Court will, however, grant plaintiff leave to file a Third Amended Complaint to assert a race discrimination claim pursuant to 42 U.S.C. § 1981, given that dispositive motions are not due until August 15, 2013 under the Case Management Order, and defendant will not be unfairly prejudiced as it has been on notice that plaintiff was asserting a race discrimination claim.

B.  GINA Claim

Defendant moves for judgment on plaintiff's claim under the Genetic Information Nondisclosure Act on the grounds that (1) plaintiff failed to exhaust her administrative remedies

with respect to her GINA claim, and (2) plaintiff's Complaint fails to state a claim under GINA. Plaintiff did not respond to these arguments. The Court agrees with defendant on both points.

To the extent plaintiff attempts to bring a claim under GINA, she must first have exhausted her administrative remedies. See 29 C.F.R. § 1635.10 (new regulation adopted for GINA claims, incorporating, by reference, administrative remedy requirement from other discrimination statutes); Regulations Under the Genetic Information Nondiscrimination Act of 2008, 75 Fed.Reg. 68912–01 (Nov. 9, 2010) (codified at 29 C.F.R. § 1635) (full text of final rules implementing Title II of GINA). Exhaustion of administrative remedies requires that the complainant file a timely charge with the EEOC, thereby allowing the agency time to investigate the charge. See 42 U.S.C. § 2000ff–6; Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2012). Only after the charge is filed, and either the EEOC's attempts at conciliation have failed or the EEOC determines that there is no reasonable cause to believe discrimination occurred, may the plaintiff file suit in federal court. Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 851 (8th Cir. 2012), cert. dismissed, __ S. Ct. __, 2013 WL 140297 (Mar. 1, 2013).

Plaintiff did not check the box marked "Genetic Information" on the EEOC charge form. Plaintiff's EEOC charge of discrimination contained only allegations of Title VII race discrimination and ADA disability discrimination claims. The charge does not directly allege, or even allude to, any possibility of a claim under GINA. Plaintiff failed to follow the proper administrative procedures and therefore the Court must dismiss this claim. See Richter, 686 F.3d at 854.

In addition, the Court concludes that plaintiff's Complaint fails to state a claim under GINA. GINA provides that an employer may not "discriminate against any employee with respect to the compensation, terms, conditions, or privileges of employment of the employee, because of genetic information with respect to the employee." 42 U.S.C. § 2000ff–1(a)(1). GINA defines "genetic

information" as (1) an individual's genetic tests; (2) the genetic tests of the individual's family members; (3) the manifestation of a disease or disorder of the individual's family members; (4) an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or the individual's family member; and (5) the genetic information of a fetus.  See 42 U.S.C. § 2000ff(4)(A); see also 29 C.F.R. § 1635.3(c).

In light of this definition of genetic information, the Court finds that plaintiff has not pleaded any facts indicating that defendant requested or obtained plaintiff's "genetic information" and discriminated against her on the basis of such "genetic information."  Instead, plaintiff alleges that defendant discriminated against her on the basis of race, did not accommodate her disability, and allowed co-workers to see her W-2, which included her Social Security Number, address and pay information.  This information is not "genetic information" under GINA.  As a result, plaintiff has failed to state plausibly a claim for genetic information discrimination under GINA, and the claim must be dismissed.

C.  Equal Pay Act Claim

Defendant moves for judgment on plaintiff's Equal Pay Act, on the grounds that plaintiff fails to allege any facts to show that defendant discriminated against her on the basis of sex by paying different wages to employees of the opposition sex for performing equal work.  Plaintiff does not respond to this argument.

"To establish a prima facie case of wage discrimination a woman must provide 'sufficient evidence' that her 'employer paid different salaries to men and women for equal work performed under similar conditions.'"  Price v. Northern States Power Co., 664 F.3d 1186, 1192 (8th Cir. 2011) (quoting Tenkku v. Normandy Bank, 348 F.3d 737, 741 n.2 (8th Cir. 2003)).  "Equal pay for equal work is what the EPA requires, and those elements are the focus of the prima facie case."  Id. at

1192-93 (citing <u>Drum v. Lesson Elec. Corp.</u>, 565 F.3d 1071, 1072 (8th Cir. 2009)). Plaintiff has not made any allegations that she was paid different wages because of her sex or was discriminated against in any manner because of her sex. Rather, she alleges pay discrimination and discrimination based on race, specifically that she did not timely receive performance evaluations and a resulting pay increase, and that she was denied a promotion. Therefore plaintiff has not stated a claim under the EPA and this claim must be dismissed.

**Conclusion**

For the foregoing reasons, the Court will grant defendant's motion for judgment on the pleadings on plaintiff's claims under Title VII, the ADA, Sections 102 and 103 of the Civil Rights Act of 1991, GINA, and the Equal Pay Act. Plaintiff will be granted leave of Court to file a Third Amended Complaint that may include claims under the MHRA and 42 U.S.C. § 1981 if she chooses, but <u>any claims not alleged or re-alleged in the Third Amended Complaint will be deemed waived and abandoned</u>. Plaintiff may not include claims in the Third Amended Complaint that were dismissed by this Order, specifically claims under Title VII, Sections 102 and 103 of the Civil Rights Act of 1991, the ADA, GINA and the Equal Pay Act.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Cedarcroft Health Services, Inc.'s Motion for Judgment on the Pleadings is **GRANTED**, and plaintiff's claims under Title VII, Sections 102 and 103 of the Civil Rights Act of 1991, the ADA, GINA and the Equal Pay Act are **DISMISSED**. [Doc. 29]

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file a Third Amended Complaint, within twenty-one (21) days of the date of this Order. Any claims not alleged or re-alleged in the Third Amended Complaint will be deemed waived and abandoned. None of the

13

claims dismissed by this Memorandum and Order, as listed in the preceding paragraph, shall be included in any Third Amended Complaint.  If plaintiff does not timely file a Third Amended Complaint, the Second Amended Complaint will remain in effect and the only claim that will remain pending in this action is plaintiff's Family and Medical Leave Act claim.

An appropriate partial judgment will accompany this memorandum and order.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of March, 2013.