# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JUNE MACON, | ) | |
| Plaintiff, | ) ) ) | No. 4:12-CV-1481 CAS |
| v. | ) ) | |
| CEDARCROFT HEALTH SERVICES, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff June Macon's pro se "Motion to Compel For Complete Production of Initial Disclosures" from defendant Cedarcroft Health Services, Inc., plaintiff's Response to Order, and plaintiff's Memorandum to the Clerk. For the following reasons, the Court will deny the motion to compel without prejudice, and will take no action on the other two filings.

I. Motion to Compel

Plaintiff states in her Motion to Compel that the defendant "has intentionally omitted my written responses to their write ups which includes any reasons for any refusals to sign and my own explanation, approved time off grids, and any evaluations and reviews that exist. These things are part of my file, and were not given to me in the initial disclosures." Mot. to Compel at 1. The Motion to Compel also states,

> I have also asked the defendant before for "legible copies" of all the mailing certificates provided by the post office that were alleged to be mailed to my home in the year 2011. I am now asking for this information in writing through the court.
>
> In addition to the above things, I am asking that the defendant provide my electronic click in and out records during my employment there.

Mot. to Compel at 1 (emphasis added).

Eastern District Local Rule 3.04(A) provides with respect to motions concerning discovery and disclosure:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has <u>conferred in person or by telephone</u> with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. <u>This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel</u>.

E.D. Mo. L.R. 3.04(A) (emphasis added).

This Rule applies equally to pro se parties. Plaintiff's Motion to Compel does not contain a statement of good faith intent to resolve the dispute. As a result of plaintiff's failure to comply with Local Rule 3.04(A), the Court will not consider the instant motion and will deny the same without prejudice.[1]

In addition, plaintiff is advised that Rule 26(a)(1)(A) requires, in pertinent part, that parties disclose the following documents and things on initial disclosure:

> a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and <u>may use to support the claims or defenses</u>, unless the use would be solely for impeachment;

Rule 26(a)(1)(A)(ii), Fed. R. Civ. P. (emphasis added). This Rule does not require a party to produce every document in its possession, but rather those that the party anticipates it will use to support its claims or defenses. The term "use" includes to use at a pretrial conference; to support

---

[1] Plaintiff is advised that this Court only addresses discovery motions at its monthly discovery motion docket. See the Case Management Order, ¶ 4.f., and the undersigned's Judge's Requirements at the Eastern District of Missouri's Internet website, www.moed.uscourts.gov, for additional information concerning the discovery motion docket. A notice of hearing must be filed by the moving party at least seven (7) days prior to the discovery motion docket in order to provide the responding party adequate notice. Parties may contact the Court or the Clerk's Office to learn the dates of upcoming months' discovery motion dockets.

a motion; to use in discovery (apart from use to respond to a discovery request); to use to question a witness during deposition; or at trial. See Rule 26(a)(1) advisory committee's note (2000).

It is possible the defendant has documents in its possession that relate to this case, but that defendant does not plan to use to support its defenses in any of the ways listed above. If this is so, then defendant is not obligated to produce the documents as part of its initial Rule 26(a) disclosures, and plaintiff may obtain the documents from defendant by means of a written Request for Production of Documents under Rule 34, Fed. R. Civ. P. Under Rule 34(a), such a request must be served on the defendant, not sent to the Court.

II. Response to Order

Plaintiff filed a Response to the Court's Order of March 21, 2013, which granted defendant's motion to compel production of initial disclosures from plaintiff, and ordered defendant to submit any motion for attorney's fees, by April 1, 2013. Plaintiff's Response states that defendant has knowingly withheld discovery from her, as shown by her Motion to Compel, and "should not be paid anything, or that the defendant be made to compensate me as well." Response to Order at 1 (Doc. 53).

The Court granted defendant's motion to compel after notice and a hearing, because plaintiff failed to produce any of her initial disclosures as required by Rule 26(a), Fed. R. Civ. P. Having found that defendant's motion to compel should be granted, the Court is required by the mandatory language of Rule 37(a)(5)(A), Fed. R. Civ. P., to consider whether plaintiff must reimburse the defendant for its reasonable expenses incurred in making the motion. The Court notes that defendant filed its Motion for Reasonable Expenses and Memorandum in Support (Docs. 55, 56) on March 29, 2013. Under the Court's Local Rules, plaintiff has until April 8, 2013 to file her Response to the defendant's motion. The Court will take no action on plaintiff's Response to Order.

III. Memorandum to the Clerk

Plaintiff's "Memorandum to the Clerk" states in full: "Comes Now, Plaintiff June Macon with an objection to the defendant's interrogatories. I am objecting to the release of my tax records, medical records, and social security information because of my right to privacy." Memo. to Clerk at 1 (Doc. 54).

Under Rule 33(b) of the Federal Rules of Civil Procedure, plaintiff must serve her answers and objections to interrogatories on the defendant. Pursuant to Local Rule 3.02(A), discovery and disclosure materials, such as objections, may not be filed with the Court, except as exhibits to a motion or memorandum. As a result, plaintiff must serve her objections to the defendant's interrogatories on the defendant, but not file the objections with the Court unless they are exhibits to a motion or memorandum. Further, the Court notes as a general proposition that the information plaintiff objects to disclosing may be relevant and discoverable in an employment discrimination action such as this. The Court will take no action on the Memorandum to the Clerk.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion to Compel For Complete Production of Initial Disclosures" is **DENIED without prejudice**. [Doc. 52]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __2nd__ day of April, 2013.