# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JUNE MACON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-1481 CAS |
| | ) | |
| CEDARCROFT HEALTH SERVICES, INC., | ) | |
| d/b/a/ BIG BEND WOODS HEALTHCARE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This employment discrimination matter is before the Court on pro se plaintiff June Macon's renewed motion for appointment of counsel and amended financial affidavit, and her Motion for Leave to Proceed Without Payment of Neutral Fees or Costs. For the following reasons, the motion for appointment of counsel will be denied without prejudice, and the motion for leave to proceed without payment of neutral fees or costs will be denied.

**A. Motion for Appointment of Counsel**

Plaintiff's motion for appointment of counsel does not indicate the statute on which her request for appointment of counsel is based. Pursuant to the Memorandum and Order of March 27, 2013, plaintiff's only claim currently before the Court is under the Family and Medical Leave Act. Plaintiff was granted leave to file an amended complaint to also assert a race discrimination claim under 42 U.S.C. § 1981 and race and disability discrimination claims under the Missouri Human Rights Act, but she has not done so as of the date of this Order. Even if plaintiff amends her complaint, however, none of these statutes authorize the appointment of counsel.

If plaintiff were found to be indigent, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Section 1915(e) applies only to litigants proceeding in forma pauperis, a status "reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Even if granted in forma pauperis status, however, a civil litigant has no constitutional or statutory right to court-appointed counsel, and the decision whether to make an appointment is within the Court's discretion. See Sours v. Norris, 782 F.2d 106, 107 (8th Cir.1986) (per curiam). "A court should give 'serious consideration' to appointing counsel whenever an indigent plaintiff establishes in his pleadings a prima facie case which, if proven, would entitle him to relief." Sours, 782 F.2d at 107 (emphasis added) (quoted case omitted).

In this case, plaintiff did not move to proceed in forma pauperis when she filed this action, but rather paid the filing fee. Plaintiff later filed a motion for appointment of counsel accompanied by a CJA Form 23 Financial Affidavit (Docs. 22, 24). At that time, plaintiff had a claim pending under Title VII of the Civil Rights Act of 1964. Section 706(f) of Title VII, 42 U.S.C. § 2000e-5(f)(1), provides that a court may appoint counsel "in such circumstances as the court may deem just." In the Eighth Circuit, three factors are generally considered relevant in evaluating a motion for appointment of counsel in a Title VII case: (1) the plaintiff's in forma pauperis status; (2) the plaintiff's good faith efforts to secure counsel; and (3) whether plaintiff has established a prima facie claim of discrimination in the pleadings. See Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984). After reviewing plaintiff's Financial Affidavit, the Court denied plaintiff's motion for appointment of counsel because it found she was not indigent and was ineligible for in

2

forma pauperis status, based on her income and financial obligations. See Mem. and Order of Jan. 28, 2013 at 1-2 (Doc. 27).[1]

Plaintiff's Form CJA 23 Amended Financial Affidavit (Doc. 51) shows that plaintiff's monthly income has increased, as plaintiff is now working two jobs. The Affidavit shows that plaintiff has monthly after-tax income of $4289, for a total yearly after-tax income of $51,468. Plaintiff's Affidavit also lists a home worth $12,000, a car worth $15,000 on which she makes a monthly payment of $724, and other debts and monthly bills of $2300 per month including elder care for two dependents.[2] Plaintiff's after-tax income exceeds her obligations by approximately $1265 each month, and she has some assets.

Relevant cases indicate that parties with less income than plaintiff have been denied in forma pauperis status. See, e.g., In re Truong, 335 F. App'x 156, 158 (3d Cir. 2009) (upholding denial of in forma pauperis motion where plaintiff had $3000 monthly income, two cars, less than $500 in bank account, and IRA worth $8000); Purcell v. United States, 137 F. App'x 158, 160 n.2 (10th Cir. 2005) (denying in forma pauperis status for plaintiff with yearly income of $45,000 and assets worth $45,000); Shoultz v. Illinois State Univ., 2010 WL 744576, at *1 (C.D. Ill. Feb. 26, 2010) (denying in forma pauperis status where plaintiff and his wife had monthly income of $3200 to $3600); Helland v. St. Mary's Duluth Clinic Health Sys., 2010 WL 502781, at **1-2 (D. Minn. Feb. 5, 2010)

---

[1]Because plaintiff's Title VII claim has been dismissed, that statute no longer provides any basis for the appointment of counsel in this case.

[2]It is not clear to the Court whether plaintiff's Amended Financial Affidavit indicates that she has $12,000 equity in her home, or that she owns the home and it is worth $12,000. The Affidavit does not state, however, that plaintiff makes mortgage payments. Plaintiff's Affidavit also does not state whether her elderly dependents receive Social Security payments, retirement or other benefits, or whether they are completely dependent upon her.

(denying in forma pauperis status where plaintiff and his wife had $3500 monthly income and owned a home and two vehicles, even though plaintiff was legally blind, owed $60,000 in medical expenses and had no cash or bank accounts); Elder v. Ford, 2006 WL 401786, at *2 (W.D. Ark. 2006) (denying in forma pauperis status for plaintiff with $1650 in bank and two vehicles).

The Court finds, based on plaintiff's after-tax income, assets and debts as shown on her Amended Financial Affidavit, that plaintiff is not indigent and therefore is not entitled to in forma pauperis status. Plaintiff filed a Declaration in connection with her motion for leave to proceed without payment of the neutral fees or costs, which states that she will be on a medical leave from her full-time job between March 27, 2013 and April 22, 2013, and during that period her expenses will exceed her income. See Doc. 65, Ex. A. The Court finds that plaintiff's temporary inability to work at her full-time job for a period of less than one month does not affect her financial status to the point that she qualifies for in forma pauperis status. As a result, the Court cannot consider requesting an attorney to represent her pursuant to 28 U.S.C. § 1915(e)(1).

It is plaintiff's responsibility, therefore, to either make additional efforts to retain an attorney, perhaps on a contingent fee basis, or to continue prosecuting this action pro se. If plaintiff does not know of any attorneys who handle employment discrimination suits, she may contact the Bar Association of Metropolitan St. Louis's Lawyer Referral and Information Service at (314) 621-6681 between the hours of 9:30 a.m and 4:00 p.m. Monday through Friday, and request a referral to an attorney with experience in this area.[3]

---

[3]Plaintiff may obtain more information concerning the Lawyer Referral and Information Service by visiting the Bar Association of Metropolitan St. Louis's Internet website, http://www.bamsl.org (select the "For the Public" tab, and then the "Lawyer Referral & Information Service" link).

Plaintiff should not file another motion for appointment of counsel in this case unless her financial situation changes significantly. If plaintiff does file another motion for appointment of counsel in this case, the motion must be accompanied by a current CJA 23 financial affidavit showing her gross (pre-tax) income, and a separate affidavit detailing plaintiff's efforts to obtain counsel, including (1) the names of the attorneys she contacted, (2) the date and method of contact, and (3) each attorney's response.

**B. Motion for Leave to Proceed without Payment of Neutral Fees or Costs**

Plaintiff has also filed an unopposed motion for leave to proceed to Alternative Dispute Resolution without payment of the neutral's fees or costs. Local Rule 6.03(C)(2) provides,

> A party who demonstrates a financial inability to pay all or part of that party's pro rata share of the neutral's fee may file a motion asking the Court to appoint a neutral who shall serve pro bono. The Court may waive all of part of that party's share of the fee. A neutral appointed to serve pro bono may apply to the Court for payment of that share of the neutral's fees waived for an <u>indigent</u> party, consistent with regulations approved by the Court. When so ordered by the Court, payment to the neutral shall be made by the Clerk from the Attorney Admission Fee Non-Appropriated Fund. Others parties to the case who are able to pay the fee shall bear their pro rata portions of the fee.

E.D. Mo. L.R. 6.03(C)(2) (emphasis added).

The language of the Local Rule explicitly states that waiver of a party's share of the neutral's fee is based on a "financial inability to pay" and implies that a person unable to pay the neutral's fee is indigent. For the reasons discussed above, the Court finds that plaintiff is not indigent and is not unable to pay her share of the neutral's fee. This motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [Doc. 58]

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed without payment of neutral fees or costs is **DENIED**. [Doc. 65]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this   16th   day of April, 2013.